1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAROLD L. GIPSON,                         No.  2:14-cv-1412 AC P

12                    Petitioner,

13          v.                                  ORDER

14   ERIC ARNOLD, Acting Warden,

15                    Respondent.[1]

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

20   required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).

22          Petitioner was convicted of first degree murder with the enhancement of personal use of a

23

24   ───────────────────
     [1] Petitioner indicates that he is housed at CSP-Solano; however, he named the People of the State
25   of California and the Solano County Superior Court as respondents in this petition.  "A petitioner
     for habeas corpus relief must name the state officer having custody of him or her as the
26   respondent to the petition.  This person typically is the warden of the facility in which the
     petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)."
27   Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28
     U.S.C. foll. § 2254).  The court has substituted the name of the acting warden at CSP-Solano for
28   the improperly named respondents and will direct that the docket reflect the correction.

                                                   1

1    firearm.  Petitioner challenges his conviction/sentence on five grounds.  However, only ground 1,

2    the confrontation clause claim, appears to have been properly exhausted.

3        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

4    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

5    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may

6    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

7    highest state court with a full and fair opportunity to consider all claims before presenting them to

8    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

9    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

10        Petitioner's options are to (1) voluntarily dismiss his unexhausted claims 2 through 5 and

11   proceed on the exhausted claim 1 only, or (2) to seek a stay of the instant action pending

12   exhaustion of the unexhausted claims.

13        If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and

14   unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  In

15   Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal

16   petition should be available only in the limited circumstance that good cause is shown for a

17   failure to have first exhausted the claims in state court, that the claim or claims at issue potentially

18   have merit, and that there has been no indication that petitioner has been intentionally dilatory in

19   pursuing the litigation.  Rhines, supra, at 277-78.

20        Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to

21   King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir.

22   2003)).  Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any

23   unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

24   petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

25   claims; and (3) the petitioner later amends his federal petition to reincorporate the newly

26   exhausted claims.  Kelly, 315 F.3d at 1070 71.  The Kelly stay-and-abeyance procedure has no

27

28   [2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

1    requirement of a good cause showing or that the claims are potentially meritorious.   However,

2    using the Kelly procedure means that any newly-exhausted claims later added to the federal

3    petition by amendment must relate back to the claims in the stayed petition; in other words, "the

4    Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted

5    claims from untimeliness in the interim."  King v. Ryan, supra, 564 F.3d at 1141.

6          Petitioner must file a notice within twenty-eight days stating how he wishes to proceed.  If

7    petitioner wishes to proceed on an exhausted-claims-only petition without a stay, he is cautioned

8    that any future attempt to amend the petition to add newly-exhausted claims might face

9    challenges based on timeliness, the limitations applicable to second or successive petitions, and/or

10   other procedural hurdles, depending on the circumstances.  If petitioner wants to stay this case

11   while exhausting claims 2 through 5 in state court, he must specify whether he seeks a stay under

12   Rhines or under Kelly.  If he wishes to proceed in this court on a mixed petition, he must file a

13   motion for a stay addressing the Rhines factors, showing good cause for his failure to have first

14   exhausted claims 2 through 5 in state court, that each of these claims potentially have merit, and

15   that there is no evidence he has been intentionally dilatory in pursuing the litigation.  In the

16   alternative, petitioner may request a Kelly stay as outlined in King v.Ryan, supra.  As previously

17   noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then

18   re-presented to this court.

19         Accordingly, IT IS HEREBY ORDERED that:

20         1.  Petitioner's motion to proceed in forma pauperis is granted;

21         2.  Within twenty-eight days petitioner shall file a notice addressing how he wishes to

22   proceed as to his unexhausted claims;

23         3.  If plaintiff seeks a stay, he shall within twenty-eight days file a motion for a stay in

24   accordance with this order; and

25   ////

26   ////

27   ////

28   ////

1          4.  The Clerk of the Court is directed to correct the name of the respondent in the docket

2    of this case to Acting Warden Eric Arnold.

3    DATED: June 20, 2014

4                                                    _____

5                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28