UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. GIPSON, | No. 2:14-cv-1412 AC P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, Acting Warden, | |
| Respondent.[1] | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. ECF No. 7.

Petitioner was convicted of first degree murder with the enhancement of personal use of a firearm. Petitioner challenges his conviction/sentence on five grounds. However, as only ground 1, the confrontation clause claim, appeared to have been properly exhausted, petitioner was directed to inform the court whether he sought a stay. ECF No. 4. He was informed of both the procedure for seeking a stay of a mixed petition, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), and the procedure for staying an exhausted-claims-only petition, in accordance with King

---

[1] Petitioner requests that Stu Sherman be substituted in as respondent in place of Eric Arnold. The record shows petitioner as currently incarcerated at the California Substance Abuse Treatment Facility where Mr. Sherman is the acting warden. Therefore, pursuant to Rule 2(a) of the Rules of Governing § 2254 Cases, Stu Sherman is substituted in as the respondent.

1

1  v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)).  Id.
2  With respect to using the Kelly procedure, petitioner was cautioned that any newly-exhausted
3  claims later added to the federal petition by amendment must relate back to the claims in the
4  stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing
5  to protect a petitioner's unexhausted claims from untimeliness in the interim."  King v. Ryan,
6  supra, 564 F.3d at 1141.  Id. at 3.

7  　　　In his response to this order, petitioner, who had been granted an extension of time, failed
8  to identify the stay procedure he sought to invoke.  ECF No. 9.  By order filed on September 30,
9  2014, petitioner was granted one further opportunity to amend his motion to stay and to
10  specifically identify, within twenty-eight days, the stay procedure by which he chose to proceed.
11  ECF No. 10.  Petitioner has now filed a motion indicating that he wishes to proceed on an
12  exhausted-claims-only petition and seeks a stay pursuant to Kelly/King.  ECF No. 11.  As
13  petitioner has been previously informed, under the Kelly procedure, (1) a petitioner amends his
14  petition deleting any unexhausted claims; (2) the court stays and holds in abeyance the amended,
15  fully exhausted petition, allowing the petitioner to proceed to state court to exhaust the deleted,
16  unexhausted claims; and (3) the petitioner later amends his federal petition to reincorporate the
17  newly exhausted claims.  King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070 71).

18  　　　Unlike a Rhines stay, the Kelly stay-and-abeyance procedure has no requirement of a
19  good cause showing or that the claims are potentially meritorious.  But, as previously noted, a
20  Kelly stay does not guarantee the timeliness of claims exhausted in the future and then re-
21  presented to this court.  Petitioner did not file an amended petition setting forth his sole exhausted
22  claim, claim 1.  Rather, he asks that the court "delete" his unexhausted claims and to stay the
23  amended, fully exhausted petition, allowing him the opportunity to proceed to state court on his
24  unexhausted claims.  The court will strike petitioner's unexhausted claims from the original
25  petition, rather than delaying this matter further by requiring petitioner to file an amended petition
26  setting forth his only exhausted claim.

27  　　　Accordingly, IT IS HEREBY ORDERED that:
28  　　　1. Pursuant to petitioner's request (ECF No. 11), filed on October 27, 2014, grounds 2

2

through 5 are stricken from the original petition;

2. Petitioner's motion for a <u>Kelly/King</u> stay (ECF No. 11) is granted and this matter is stayed as to the sole remaining ground, ground 1 of the petition;

3. Petitioner is directed to inform the court of the exhaustion of his unexhausted claims in the state's highest court by filing an amended petition containing all five of his claims within thirty days of his receipt of the decision by the state Supreme Court; and

4. The Clerk of the Court is directed to substitute the name of Acting Warden Stu Sherman as the respondent in the docket of this case. <u>See</u> Rule 2(a) of the Rules of Governing § 2254 Cases.

DATED: October 30, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE