UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD LYNN GIPSON, | No. 2:14-cv-1412 AC P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

By order filed October 31, 2014, unexhausted Grounds 2 through 5 of the petition were stricken and the case was stayed as to Ground 1 for the express purpose of allowing petitioner to return to state court to exhaust his unexhausted claims. ECF No. 12. Petitioner was further directed to notify this court within thirty days of receiving a decision from the California Supreme Court exhausting his additional claims by filing an amended petition. Id. at 3. Review of the online docketing system for the California Court of Appeal, First Appellate District shows that petitioner completed an appeal related to the conviction being challenged in this case in November 2017.[1] United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

---

[1] See case summary for Case No. A149033 at:
https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=2151937&request_token=NiIwLSIkTkw4WyBRSCNdXE9IMDw6UVxfJyBORzlTQCAgCg%3D%3D&start=1&doc_no=A149033&dist=1&search=party&auth=yes.

matters at issue.") (citation and internal quotation marks omitted)).  However, review of the California Supreme Court's docket shows only petitioner's direct appeal, which was decided in June 2013.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)) (dismissal for failure to prosecute); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for failure to respond to a motion as required by local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order).  It has been over a year and a half since petitioner received a decision in his state appellate court case and it does not appear that he has taken any further steps to proceed to the California Supreme Court or otherwise prosecute this case.  Accordingly, he will be required to show cause why the stay in this case should not be lifted and the case dismissed for failure to prosecute.

The court also notes that the California Department of Corrections and Rehabilitations Inmate Locator shows that petitioner has been moved to a different prison than the one reflected in his address of record.  The Clerk of the Court will be directed to update petitioner's address, and petitioner is reminded of his responsibility in keeping the court up to date with his location.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within thirty days of the filing of this order, petitioner must show cause why the stay should not be lifted and this case dismissed for failure to prosecute.  Failure to respond to this order will result in an order lifting the stay and a recommendation that the action be dismissed for failure to prosecute.

2. The Clerk of the Court is directed to update petitioner's address of record to California State Prison, Solano, P.O. Box 4000, Vacaville, CA 95696-4000.

DATED: July 17, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE