1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAROLD LYNN GIPSON,                         No.  2:14-cv-1412 AC P

12                        Petitioner,

13          v.                                   ORDER and FINDINGS AND
                                                 RECOMMENDATIONS
14   STU SHERMAN,

15                        Respondent.

16

17          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an

18   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2245.  For the reasons set forth

19   below, the undersigned recommends that the court dismiss the action without prejudice for failure

20   to prosecute.

21          I.      Background

22          Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.

23   Petitioner was convicted of first-degree murder with the enhancement of personal use of a

24   firearm.  Id. at 2.  Petitioner challenged his conviction on five grounds.  However, only ground 1,

25   the confrontation clause claim, appeared to have been properly exhausted, so petitioner was

26   directed to inform the court as to whether he sought a stay.  See ECF No. 4.  Petitioner then filed

27   a motion to stay exhausted claims pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), and

28   Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  ECF No. 11.  On October 31, 2014, the

                                                 1

undersigned granted the motion to stay as to ground 1 of the petition and ordered that claims 2 through 5 be stricken.  ECF No. 12 at 2-3.  The case was stayed for the express purpose of allowing petitioner to return to state court to exhaust his unexhausted claims.  Petitioner was directed to inform the court of the exhaustion of his unexhausted claims with the state's highest court by filing an amended petition containing all five claims within thirty days of this receipt of the decision by the state Supreme Court.  Id. at 3.  The case was administratively closed.  See Id.

Review of the online docketing system for the California Court of Appeal, First Appellate District, shows that petitioner completed an appeal related to the conviction being challenged in this case in November 2017.[1]  Review of the California Supreme Court's docket shows only petitioner's original direct appeal, which was decided in June 2013.

It has been over two years since petitioner received the most recent decision from the state appellate court, and it does not appear that he has taken steps to proceed to the California Supreme Court or otherwise exhaust his claims in order to prosecute this case.  On July 18, 2019, the undersigned ordered petitioner to show cause within thirty days explaining why the stay should not be lifted and this case dismissed for failure to prosecute.  ECF No. 13.  It has been over a year and petitioner has not responded.

II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to sua sponte dismiss actions for failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for failure to prosecute is appropriate, courts examine several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the

---

[1]  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted)).  See also case summary for Case No. A149033 at:
https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=2151937&request_token=NiIwLSIkTkw4WyBRSCNdXE9IMDw6UVxfJyBORzlTQCAgCg%3D%3D&start=1&doc_no=A149033&dist=1&search=party&auth=yes.

availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992).

Here, it is evident that the first two factors—public interest in expeditious resolution of litigation and the need to manage the court's docket—weigh strongly in favor of dismissal. Petitioner was ordered in October 2014 to promptly inform the court of the exhaustion of his unexhausted claims.  ECF No. 12 at 3.  On July 18, 2019, the court expressly directed petitioner update this court on the status of his case and stated that "[f]ailure to respond to this order will result in an order lifting the stay and a recommendation that the action be dismissed for failure to prosecute."  ECF No. 13 at 2.  Petitioner's failure to comply with these orders has placed the case at a standstill and prevents the court from moving the case toward resolution.  Moreover, petitioner's nonaction indicates that he does not intend to litigate this action diligently.

As to the third factor—prejudice to respondent—petitioner's inaction weighs in favor of dismissal.  Prejudice to a defendant alone due to the pendency of a lawsuit is insufficient to justify dismissal.  Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Moore v. Teflon Commc'ns. Corp., 589 F.2d 959, 967-68 (9th Cir. 1978).  This presumption can be rebutted if petitioner proffers a non-frivolous justification for the delay.  See Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Petitioner has offered no explanation for his failure to comply with the court's orders.  Because petitioner has not attempted to justify his neglect of this case, or otherwise communicate with the court since October 2014, the "prejudice" element favors dismissal.

The fourth factor—the availability of less drastic sanctions—typically weighs against dismissal.  However, the court tried to avoid outright dismissal by providing petitioner with an opportunity to explain why he had not proceeded with the further appellate review or otherwise prosecuted his case.  See ECF No. 13.  Thus, the court has expl meaningful alternatives to dismissal and these alternatives have not been effective in furthering this case.  See Henderson v.

3

1    Duncan, 779 F.2d 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short

2    of dismissal before finally dismissing a case, but must explore possible and meaningful

3    alternatives.") (citation omitted).  The court therefore concludes that sanctions other than

4    dismissal are not appropriate.

5         The fifth factor, the general policy favoring resolution of cases on the merits, arguably

6    favors retention of this action on the court's docket.  However, notwithstanding this policy, it is

7    the responsibility of the moving party to move the case toward disposition on the merits at a

8    reasonable pace and to refrain from dilatory and evasive tactics.  Morris v. Morgan Stanley &

9    Co., 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has declined to participate in his own litigation

10   since October 27, 2014.  In these circumstances, it does not appear that the court's retention of

11   this action would increase the likelihood that the matter would be resolved on its merits.

12        III.    Conclusion

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.  The stay of this case be lifted; and

15        2.  The Clerk of the Court is directed to randomly assign a district judge to this action.

16        IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus

17   (ECF No. 1) be dismissed without prejudice for failure to prosecute.

18        These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be served and filed within fourteen days after service of the objections.  The

24   parties are advised that failure to file objections within the specified time may waive the right to

25   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   DATED: September 22, 2020

27                                          ALLISON CLAIRE

28                                          UNITED STATES MAGISTRATE JUDGE